# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT L. HEDRICK,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Civil Action<br>No. 20-1730 (RBK)(AMD)<br><br>**MEMORANDUM OPINION<br>& ORDER** |

Plaintiff seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security. Upon review of Plaintiff's third application to proceed *in forma pauperis*, leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. This case is subject to *sua sponte* screening, and ordinarily, the Court would screen the Complaint in due course.

Plaintiff, however, appears to have filed numerous attempts to add claims and defendants, or otherwise amend the Complaint. (ECF Nos. 8, 9, 11, 14). The Court will not allow Plaintiff to file his Complaint as several separate documents. Plaintiff may not have been aware, but any attempt to amend or supplement his pleading must conform to Federal Rule of Civil Procedure 15 and Local Civil Rule 7.1(f). Additionally, any attempt to amend or supplement his pleading, once accepted by the Court, replaces any earlier pleading and "renders it inoperative." *Iantosca v. Magnone*, No. 16-9497, 2017 WL 3065214, at *4 (D.N.J. July 19, 2017); *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

Stated differently, when a person files an amended complaint, it replaces all prior versions of the complaint, and the original complaint no longer performs any function in the case. *E.g.*, *Wilson v. Martone*, No. 11-5337, 2012 WL 715319, at *5 (D.N.J. Mar. 5, 2012). While Plaintiff's amended complaint may certainly *specifically incorporate* facts and allegations in the original

complaint, "the best course of action is to have Plaintiff file" an amended complaint that is complete in itself. *Id.*; *see, e.g.*, *Mendez v. New Jersey State Lottery Comm'n*, No. 11-6932, 2012 WL 13034339, at *1 (D.N.J. Apr. 11, 2012).

Accordingly, the Court will grant in part Plaintiff's requests to amend and direct Plaintiff to submit an all-inclusive amended complaint. Plaintiff should include all of the facts and allegations he seeks to assert against all Defendants. This case is subject to *sua sponte* screening by the Court. Upon receiving Plaintiff's all-inclusive amended complaint, the Court will reopen the case and screen the new pleading in due course.

IT IS, on this **27th** day of May 2020, hereby

**ORDERED** that the Clerk of the Court shall REOPEN this case; and it is further

**ORDERED** that Plaintiff's third application to proceed *in forma pauperis* is hereby GRANTED; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the United States Attorney for the District of New Jersey and the warden of FCI Fort Dix; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison

Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that Plaintiff's requests to amend are GRANTED IN PART; and it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) and piecemeal attempts to add new claims or otherwise amend his complaint (ECF Nos. 8, 9, 11, 14), are ADMINISTRATIVELY TERMINATED; and it is further

**ORDERED** that Plaintiff shall prepare and file a comprehensive proposed amended complaint, complete in all respects, within forty-five (45) days of this Order; and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank Prisoner Civil Rights Complaint, DNJ-ProSe-006; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum Opinion and Order via regular U.S. mail and CLOSE this case.

                                             **s/Robert B. Kugler**
                                             ROBERT B. KUGLER
                                             United States District Judge