IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT L. HEDRICK, | Civil Action |
| Plaintiff, | No. 20-1730 (RBK) (AMD) |
| v. | |
| UNITED STATES OF AMERICA, et al., | OPINION |
| Defendants. | |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, a federal inmate, is proceeding *pro se* with an Amended Complaint (hereinafter "Complaint"). For the reasons set forth below, the Court will dismiss with prejudice all of Plaintiff's claims related to the alleged international conspiracy of organizations attempting to assassinate him, as frivolous. Additionally, the Court will dismiss without prejudice Plaintiff's Covid-19 related claims for failure to comply with Federal Rule of Civil Procedure 8.

I.  BACKGROUND

This case arises from Plaintiff's incarceration at FCI Fort Dix. By way of background, in January of 2013, the United States District Court for the Southern District of Texas sentenced Plaintiff to a total term of 360 months in prison for transfer of obscene material to a minor, distribution of child pornography, and possession of child pornography. (*United States v. Hedrick*, No. 11-715, (S.D. Tex.), ECF No. 166).

The Court gleans from the forty-one-page single spaced Complaint, that Plaintiff believes that he is in danger at FCI Fort Dix, from numerous sources. The document is largely incoherent, but Plaintiff appears to believe that Mexican Cartels, Columbian Cartels, corrections officers, the Bureau of Prisons ("BOP"), gangs, and terrorist organizations have conspired to murder him. He

contends that these organizations have already sent numerous assassins and are continuing to send assassins to silence him.

Plaintiff alleges that they are doing this because he refuses to "shut up" about all of his secret information regarding the smuggling of drugs, guns, and weapons grade plutonium. Plaintiff desperately wishes to get this secret information to the FBI and CIA in order to stop the smuggling of contraband to the cartels and other organizations, but the BOP refuses to arrange a meeting with the FBI and CIA. Plaintiff also complains of the conditions at Fort Dix in connection with the Covid-19 pandemic and his poor health.

In February of 2020, Plaintiff filed his initial complaint in this matter. He then filed numerous documents that arguably attempted to add claims. (ECF Nos. 8, 9, 11, 14). In May of 2020, the Court ordered Plaintiff to file one all-inclusive Complaint. (ECF No. 16). On June 29, 2020, Plaintiff filed the instant Complaint. (ECF No. 18). Plaintiff names the United States, Warden David Ortiz, and a Dr. Pradip Patel, as Defendants in this matter.

In terms of relief, Plaintiff asks the Court to: (1) arrange a meeting with him and the FBI and CIA; (2) place him into witness protection; (3) order the FBI to provide security to his family and others; (4) find the Bureau of Prisons ("BOP") to be in default for failing to respond to his grievances; (5) order $2,000,000.00 in compensatory damages, $5,000,000.00 in punitive damages, and $1,000.00 in nominal damages; (6) refer the activities at Fort Dix for an FBI investigation; and (7) order his immediate release due to the Covid-19 pandemic.

## II.     STANDARD OF REVIEW

District courts must review complaints in civil actions in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id*. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing

3

that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.   DISCUSSION

With the principles above in mind, Plaintiff claims that multiple cartels, gangs, terrorist organizations, and the BOP have engaged in a vast international conspiracy to assassinate him. A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The Court finds that Plaintiff's allegations of a vast international conspiracy to stop him from disclosing secret information about the drug, firearms, and weapons grade plutonium trade are "fantastic or delusional scenarios." *Id.* at 328.

Indeed, the Fifth Circuit arrived at the same conclusion after rejecting one of Plaintiff's frivolous appeals:

> Hedrick has a history of filing pleadings in the district court and this court raising fantastic claims centering on a wide-ranging conspiracy involving a drug cartel, federal prosecutors, law enforcement, and a federal judge arising out of an effort to frame him on child pornography charges and murder him so that the cartel could import contraband into the country using Hedrick's cargo facility. Hedrick is CAUTIONED that any future frivolous, repetitive, or otherwise abusive filings may invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

*United States v. Hedrick*, 647 F. App'x 433 (5th Cir. 2016). Accordingly, the Court will dismiss with prejudice Plaintiff's claims related to the alleged international conspiracy to assassinate him, as frivolous.

With regard to Plaintiff's Covid-19 related claims, the Court will dismiss those claims without prejudice for failure to comply with Federal Rule of Civil Procedure 8. As discussed

4

above, Rule 8 requires the Complaint to be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see See Favoroso v. New Jersey*, No. 11-5061, 2012 WL 1372280, at *2 (D.N.J. Apr. 19, 2012).

Plaintiff's single spaced forty-one-page Complaint "is as detailed as it is rambling and confusing." *Pilkey v. Lappin*, No. 05-5314, 2006 WL 1797756, at *1 (D.N.J. June 26, 2006). It meanders back and forth between facts relevant to Plaintiff's circumstances at Fort Dix and general pandemic news, background information, pandemic issues at other facilities, and the alleged international conspiracy to assassinate him.

Plaintiff also devotes numerous pages citing to case law and other legal authority. "Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. *See, e.g.*, *Colon v. Anglikowski*, No. 20-00036, 2020 WL 5107551, at *3 (W.D. Pa. Aug. 31, 2020). Additionally, it appears that some pages are missing from Plaintiff's Complaint, as the page numbers skip in the document and paragraphs end abruptly.

Consequently, the Court will dismiss Plaintiff's Covid-19 claims without prejudice and allow Plaintiff to submit a second amended complaint that *only* raises Covid-19 related claims. In drafting his new pleading, Plaintiff should: "(1) refrain from repeating allegations, unless absolutely necessary; (2) include allegations about each defendant in a single location rather than scattering the allegations throughout the pleading; (3) refrain from going into detail about every single discussion that may have occurred, unless absolutely relevant to the claims; (4) refrain from discussing" background information or other events that "only have a tangential relation to the underlying claims; (5) refrain from arguing and using conclusive allegations;" (6) refrain from discussing reactions, feelings, conjecture, and thoughts, after any particular defendant's actions;

and (7) refrain from including legal arguments or case law. *See Mobley v. Wetzel*, No. 14-00035, 2016 WL 11452949, at *1–2 (M.D. Pa. Feb. 11, 2016).

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss without prejudice Plaintiff's Covid-19 related claims. The Court will dismiss the remainder of the Complaint with prejudice, *i.e.*, all of Plaintiff's claims related to the international conspiracy of organizations attempting to assassinate him, as frivolous. The Court shall provide Plaintiff thirty days to file a second amended complaint to cure the deficiencies discussed above. Once again, Plaintiff may *only* include Covid-19 related claims in his new pleading. An appropriate Order follows.

DATED: October 27, 2020                                            s/Robert B. Kugler
                                                                                      ROBERT B. KUGLER
                                                                                      United States District Judge